### HULL et al. v. CHAFFIN et al.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1893.)

#### No. 168.

1. RES JUDICATA—TRUSTS.

In 1840, for a consideration paid by the husband of C., a deed of land was executed to a trustee in trust for C., which by mistake vested only a life estate in C., remainder to her children, or, in default of children, to her right heirs; the intention being that a fee should be vested. Thereafter an action was brought to reform the deed, in which the trustee and other parties to the deed, but not the contingent remainder-men, were made parties. Before final decree therein, the husband of C. died. *Held,* that the trust became executed by the statute of uses, and the trustee had no further duties to perform, and the decree thereafter entered was not binding on the contingent remainder-men; they not being represented in the action. 49 Fed. Rep. 524, affirmed.

**2. RESULTING TRUSTS—FRAUD OF AGENT.**

H., while acting as confidential agent in charge of property, both under C. and the trustees under C.'s will, acquired full information of a defect in C.'s title, and the intention of C. and of the trustees to acquire the outstanding title, or to contest its validity, but secretly purchased such title in the name of another, and by his connivance caused the tenants of the property to attorn to the person to whom the outstanding title had been conveyed. *Held*, that he would not be allowed to profit by his purchase, but would be treated in equity as holding the title for his principals. 49 Fed. Rep. 524, affirmed.

**3. SAME.**

Nor will the heirs of an attorney who was jointly interested with H. in the purchase, and conducted all the negotiations with full knowledge of H.'s relations to C., stand in any better position than H.    49 Fed. Rep. 524, affirmed.

**4. TRUSTEES—DUTIES AND LIABILITIES.**

The testamentary trustees under C.'s will were given full power to sell, mortgage, and lease, and reinvest the proceeds, in their discretion. *Held*, that they had power to buy in an outstanding claim as a cloud on their title, and could maintain the action against H. and the others to charge them as constructive trustees, and in such action defendants would be charged with the rents and profits, and credited with all expenditures for taxes, insurance, and improvements, and the sums expended in purchasing the outstanding interests.    49 Fed. Rep. 524, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.    Affirmed.

Statement by SHIRAS, District Judge:

The proceedings in this case were brought in the United States circuit court for the eastern district of Missouri, for the purpose of settling the title to certain realty forming part of block 144, in the city of St. Louis; the complainants, John C. Chaffin and Edwin O. Childs, trustees under the will of Edwin Chaffin, and Caroline A. Chaffin, claiming that the realty, in right and equity, belonged to Edwin Chaffin in his lifetime, and that whatever apparent title thereto was held by Leon L. Hull, William Clark, or the widow and heirs of Samuel Hermann, deceased, was in fact held by them in trust for complainants, who represented the right and interest of Edwin Chaffin. Upon the final hearing of the case in the circuit court, it was decreed that all the right, title, and interest acquired by Leon L. Hull, William Clark, or Samuel Hermann to the realty in the bill described was obtained and held by them in trust for the complainants, John C. Chaffin, and Edwin O. Childs, testamentary trustees under the will of Edwin Chaffin, deceased, and that, upon reimbursing the defendants for all sums of money paid by them in procuring the execution of the conveyances to them, the complainants should be entitled to a decree vesting the title held by said defendants in complainants; it being further held that the defendants should account for all rents and profits by them received, and be credited for all expenditures for taxes, insurance, repairs, and improvements in connection with the property. An accounting was had before a master, who found that there was a balance due to the defendants amounting to $738.55; and, this sum being by complainants paid into court, a final decree was rendered, in effect, vesting the title of the realty in the complainant trustees, to reverse which the defendants took an appeal to this court.

Joseph S. Laurie and Seneca N. Taylor, for appellants.
Edward Cunningham, Jr., for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge, (after stating the facts.)    The questions at issue between the parties to this suit have been very fully and

ably presented by counsel in the briefs and arguments before this court, and, with the assistance thus afforded us, we have considered the several errors assigned on behalf of appellants, but we find therein no sufficient ground for reversing the decree appealed from.   We concur in the views expressed by the circuit court of the facts and the law applicable to the case, and these are so clearly and aptly stated in the opinion filed in that court, and reported in 49 Fed. Rep. 524, that we deem it unnecessary to enter upon a restatement thereof.   Affirmed.